18868.   STEVENS *v.* VARNER.

DECIDED JUNE 13, 1928.

*R. R. Jones,* for plaintiff.   *H. A. Wilkinson,* for defendant.

LUKE, J.   As transferee F. L. Stevens sued George T. Varner, trading as Varner's Auto Tire Hospital, on six promissory notes originally payable to Brenard Manufacturing Company, dated August 30, 1926, payable respectively two, three, four, five, six, and seven months after date, and each being for $65 except the last note, which is for $35.   The defendant denied indebtedness, admitted signing the notes, and pleaded that the notes were attached to and part of an order blank, the terms and conditions of which were a part of the notes; that said order blank contained a stipulation that the vendor agreed to repurchase the articles for which the notes were given, if they were returned in good order; and that said vendor did repurchase said articles, thereby cancelling the obligation and making the notes void.   Defendant further pleaded that the plaintiff was not a bona fide purchaser for value, without notice, and that if said notes were transferred to him by Brenard Manufacturing Company, such transfer was fraudulent and void in so far as defendant's interest was concerned.   The jury returned a verdict for the defendant, and the plaintiff excepted.

Sworn for the plaintiff, George T. Varner testified that he signed the original notes, "but that they were attached to a contract and agreement that they were to be returned under certain conditions;" that Brenard Manufacturing Company furnished him with a copy of the notes and contract, and that said copy was just as it was when he received it; that the document he signed included the notes,

but that they had been detached from it; that he did not sign said copy, which was mailed to him, and did not know who did, but that he did sign the original.

All the notes sued on, indorsed, "Pay to F. L. Stevens, or order. Brenard Mfg. Co., by L. L. Rhodes," were introduced in evidence. Defendant tendered in evidence his copy of the contract of which the notes were alleged to be a part. This paper, which was directed to Brenard Manufacturing Company contained the following language: "Upon your approval of this order and agency agreement delivered to me . . the articles mentioned below, which I purchase on the terms and conditions herein set forth and no others, all of which I have read and found complete and satisfactory, and in payment of which I herewith hand you my notes aggregating $360, which you are to cancel and return to me if this sole and complete agreement is not approved by you." The articles to be delivered under the agency agreement were three radio sets, with accessories, and certain advertising matter. The agreement provided further: "You, the Brenard Mfg. Co., hereby grant to me, and agree as below set forth to assist me in establishing, an agency for this line in my town for a period of three years subject to terms herein. . . If my sales under this agreement do not amount to $360, you agree to either pay me the difference in cash or repurchase the goods purchased hereunder if returned to you in good order, and you are to send your bond in the sum of $360 to protect me in the conditions of this agreement." Varner agreed to furnish Brenard Manufacturing Company within thirty days fifty names of persons interested in radio sets, and each sixty days with ten to twenty-five additional names and addresses of persons so interested, and to "take up shipments promptly upon arrival, which can not be returned without your instructions," and to use diligence in effecting sales. The last provision in the contract follows: "In consideration of tying up territory, and to protect you in your special methods and plans, and in your expenditures, this order can not be countermanded or cancelled. No verbal or other agreement not appearing herein shall be binding upon you."

Plaintiff introduced in evidence the original contract, which the defendant admitted signing. The original contract was exactly like the copy introduced by the defendant, except that there was printed on the margin of the original contract these words: "Notes to be

detached by the Brenard Mfg. Co." The clause quoted was also printed on the margin of the copy contract, but was scratched off with pen and ink, while the same words on the original were intact.

Testifying in his own behalf, George T. Varner, in conclusion, swore as follows: "I got those radios. I was not able to sell them. I sent them back. I sent them back before the time specified in the contract. I do not owe them any money for any of them. I could not sell them and I returned them all. I wrote them for shipping instructions, and they wrote me they were my machines. That was the Brenard Manufacturing Company. I did not write Mr. Stevens. I did not know that Mr. Stevens was in existence. I shipped these things back about three months after they were shipped to me. I do not know the exact date. I undertook to comply with that agreement with Brenard Manufacturing Company. I demonstrated the machines. I advertised them. When I sent those machines back I did not know where the notes were."

The original contract, which the defendant admitted he signed, specifically provided that the notes were to be detached. There is no evidence in the record that the notes were mutilated, or that they were taken after maturity, or that they were not complete in themselves when they were transferred to plaintiff. Certainly the fact that the original contract was introduced in evidence by the plaintiff did not show that he had notice of that contract at or before the time the notes were transferred to him. In short, the evidence failed to overcome the presumption of law that the plaintiff was an innocent holder for value of the notes declared upon. Therefore the defense interposed could not be urged against the plaintiff, and the latter, having made out a prima facie case, was entitled to a verdict. Having reached this conclusion, it is not necessary to discuss the special assignments of error, and the judgment of the trial judge overruling the motion for a new trial is reversed for the reason stated above.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*